```
Priority  ✓
Send      ✓
Enter     ✓
Closed    ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___
```

FILED
CLERK, U.S. DISTRICT COURT
AUG 22 2005
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
AUG 2 4 2005
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOODRAM RAMDAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER, SOCIAL SECURITY<br>ADMINISTRATION,<br><br>    Defendant. | NO. CV 04-2371-AHM(CT)<br><br>ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |

Pursuant to 28 U.S.C. § 636, this court has reviewed the entire file de novo, including but not limited to, the magistrate judge's report and recommendation on the motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and plaintiff's objections to the report and recommendation.

This court concurs with the magistrate judge's report and recommendation. Specifically, this court finds that the Commissioner's position was substantially justified. See 28 U.S.C. § 2412(d)(1)(A). On January 11, 2005, this case was remanded so that plaintiff and/or his counsel would have another opportunity to submit plaintiff's medical records from plaintiff's treating physician, Samar Sircar, M.D. It is

undisputed that the Commissioner, through the administrative law judge ("ALJ"), previously made numerous attempts to obtain plaintiff's treatment records from Dr. Sircar, including issuing a subpoena for the records. (See TR 169, 190, 191, 204). Though the ALJ held the record open after the hearing and delayed issuing a decision for over ten months, Dr. Sircar never responded to the subpoena, nor did plaintiff or his attorney provide the ALJ with the missing medical records. (TR 143).

The court further finds that special circumstances exist that make an EAJA award unjust in this case. See Scarborough v. Principi, 541 U.S. 401, 124 S.Ct. 1856, 1870 (2004). Plaintiff's counsel never has made an offer of proof that the records exist. Indeed, plaintiff's counsel concedes that she has made no effort to obtain the records despite her representation of plaintiff since August 1996. (TR 15, 222). Accordingly, IT IS ORDERED:

1. The report and recommendation is accepted.

2. Judgment shall be entered consistent with this order.

3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: August 22, 2005

A. Howard Matz
UNITED STATES DISTRICT JUDGE

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only X

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: MAR - 4 2005

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
MAR - 4 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOODRAM RAMDAN, | CASE NUMBER: |
| PLAINTIFF(s) | CV - 04-2371-AHM(CT) |
| V. | |
| JO ANNE B. BARNHART, COMMISSIONER, SOCIAL SECURITY ADMIN. | NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |
| DEFENDANT(s) / RESPONDENT(s) | |

TO:   All Parties of Record

Stephanie M. Simpson, Esq.             Constance M. Komoroski, AUSA
11743 Seminole Circle                  300 N. Los Angeles St.
Northridge, CA 91326                   Los Angeles, CA 90012

You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's report and recommendation has been filed on March 4, 2005, a copy of which is attached.

Any party having objections to the report and recommendation shall, not later than March 18, 2005, file and serve a written statement of objections with points and authorities in support thereof before the Honorable CAROLYN TURCHIN, U.S. Magistrate Judge.

Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

The report and recommendation of a Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until the judgment and/or order by the District Judge has been entered.

CLERK, UNITED STATES DISTRICT COURT

Dated: March 4, 2005                   By Deborah A. Malone
                                       Deputy Clerk



M-51A (11/01)       NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

FILED
CLERK, U.S. DISTRICT COURT

MAR - 3 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BOODRAM RAMDAN,                )   NO. CV 04-2371-AHM(CT)
                               )
            Plaintiff,         )   MAGISTRATE JUDGE'S REPORT
                               )   AND RECOMMENDATION ON MOTION FOR
      v.                       )   ATTORNEY'S FEES UNDER THE EQUAL
                               )   ACCESS TO JUSTICE ACT
JO ANNE B. BARNHART,           )
COMMISSIONER, SOCIAL SECURITY  )
ADMINISTRATION,                )
                               )
            Defendant.         )
                               )
_____)

This report and recommendation is submitted to the Honorable A. Howard Matz, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order of the United States District Court for the Central District of California. For the reasons set forth below, the magistrate judge recommends that plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA") be DENIED.

### SUMMARY OF PROCEEDINGS

On April 5, 2004, plaintiff, Boodram Ramdan ("plaintiff"), filed a complaint seeking judicial review of the denial of Supplemental Security Income ("SSI") benefits by the Commissioner pursuant to the Social Security Act ("the Act") for the time period June 2, 1993 though April

1, 1998, when he filed for retirement benefits. On August 23, 2004, plaintiff filed a motion for summary judgment. Among other things, plaintiff asserted that the administrative law judge ("ALJ") had failed to develop the record by obtaining plaintiff's medical records from plaintiff's treating physician, Samar Sircar, M.D. On September 20, 2004, the Commissioner filed a cross-motion for summary judgment and opposition to plaintiff's motion for summary judgment.

On October 1, 2004, the magistrate judge filed a report and recommendation, recommending that the parties' summary judgment motions be denied, and that the matter be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. On January 7, 2005, the district judge issued an order accepting the magistrate judge's report and recommendation as modified in the January 7, 2005 order. The district judge noted that the ALJ stated in his March 21, 2001 decision that the record in fact was held open following the May 18, 2000 hearing pending receipt of additional evidence. (See TR 142).[1] However, the district judge found that it was unclear from a review of the May 18, 2000 hearing transcript whether plaintiff or plaintiff's counsel understood that while the hearing was closed, the record would be left open to give them an opportunity to submit Dr. Sircar's records. Accordingly, the district judge ordered that the case be remanded but ordered plaintiff or his counsel (not the ALJ) to obtain and submit Dr. Sircar's records.

On February 3, 2005, plaintiff, through counsel, filed a motion for

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

2

attorney's fees pursuant to the provisions of the EAJA, 28 U.S.C. § 2412(d). Plaintiff requests an order awarding attorney's fees in the amount of $4,640.00 for 32 hours of work at a rate of $145.00 per hour plus costs of $150.00, for a total award of $4,790.00

On February 18, 2005, the Commissioner filed an opposition to plaintiff's motion. The Commissioner essentially contends that her position was substantially justified, and that special circumstances make an EAJA award unjust in this case. The Commissioner further argues that the amount of plaintiff's EAJA award request is not reasonable.

On March 2, 2005, plaintiff filed a reply.

## DISCUSSION

Under the EAJA, a prevailing party is entitled to an award of attorney's fees, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

A. **Prevailing Party**

The parties do not dispute that plaintiff is the prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993) (a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party").

B. **Substantial Justification**

The Commissioner argues that her position was substantially justified. The magistrate judge agrees.

As explained above, under the EAJA, the court must grant costs and attorney's fees to a prevailing party unless the government demonstrates that its position was substantially justified. See 28 U.S.C. § 2412(d)(1)(A). While the language of the EAJA creates a presumption of

3

1 | a fee award, the existence of that presumption does not detract from the
2 | court's duty to evaluate whether the position of the United States was
3 | substantially justified. U.S. v. 313.34 Acres of Land in Jefferson
4 | County, 897 F.2d 1473, 1477 (9th Cir. 1989). Moreover, Congress has made
5 | clear that there is no presumption that the government's position was
6 | not substantially justified merely because the government lost the case.
7 | See S.Rep. No. 253, 96th Cong., 1st Sess. at 7 (1979) and H.R.Rep. No.
8 | 1418, 96th Cong., 2d Sess. at 11 (1980), reprinted in 1980 U.S.C.A.N.
9 | 4984.

10 | The United States Supreme Court has found that the statutory phrase
11 | "substantially justified" does not mean "justified to a high degree,"
12 | but rather "justified in substance or in the main," i.e., a reasonable
13 | basis in both law and fact. See Pierce v. Underwood, 487 U.S. 552, 565
14 | (1988); see also Kali v. Bowen, 854 F.2d 329, 331 (9th Cir. 1988) (citing
15 | Pierce v. Underwood, 487 U.S. at 565). The term "position" includes the
16 | underlying agency action and the legal position of the United States
17 | during litigation. Andrew v. Bowen, 837 F.2d 875, 878 (9th Cir. 1988)
18 | (citations omitted).

19 | Under the applicable standard, the magistrate judge finds that the
20 | Commissioner's administrative and litigation positions were
21 | substantially justified. Prior to the second administrative hearing,
22 | the ALJ made numerous attempts to obtain plaintiff's treatment records
23 | from Dr. Sircar, including issuing a subpoena for the records. (See TR
24 | 169, 190, 191, 204). Moreover, following the second hearing, the ALJ
25 | held the record open and delayed issuing a decision for ten months.
26 | (See TR 142). *[handwritten: but this was unclear to pl counsel as reflected in 1/07/05 order]*
27 |
28 |

4

C.  **Special Circumstances**

The Commissioner argues that special circumstances exist that make an EAJA award unjust in this case. The magistrate judge agrees.

Although the EAJA does not define the term "special circumstances," the Supreme Court has noted that the provision was included as a "built-in check" that "disallows fees where 'special circumstances make an award unjust.'" Scarborough v. Principi, 541 U.S. 401, 124 S.Ct. 1856, 1870 (2004) (quoting H.R.Rep. No. 96-1418 at 11 (§ 2412(d)(1)(A)'s "safety valve" gives "the court discretion to deny awards where equitable considerations dictate an award should not be made").

Here, the court remanded this action so that plaintiff and/or his counsel would have another opportunity to submit Dr. Sircar's records. The Commissioner already has made exhaustive attempts to obtain the records and is not required to take any further action to develop the record. (See January 7, 2005 Order Accepting Magistrate Judge's Report and Recommendation As Modified). In these circumstances, the magistrate judge concludes that an award of EAJA fees in this case would be unjust. See, e.g., Bryant v. Apfel, 37 F.Supp.2d 210, 214 (E.D.N.Y. 1999) (declining to award EAJA fees even though the Commissioner's position was not substantially justified because the ALJ failed to develop record where the plaintiff's counsel did not seek or produce medical records known to be critical to the case, reasoning that such a lack of diligence made an award of EAJA fees unjust and would create a perverse incentive for a plaintiff's counsel to fail to develop the record at the administrative appeals level and before the district court if he or she has any doubt whether the additional records will support the client's claim).

5

## RECOMMENDATION

For the foregoing reasons, the magistrate judge recommends that plaintiff's motion for attorney's fees under the EAJA be DENIED.

DATED: March 3, 2005

_____
Carolyn Turchin
UNITED STATES MAGISTRATE JUDGE

NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrates and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of judgment of the District Court.